NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILLIAM MARTUCCI,** | Docket No.: 14-cv-3267-WJM-MF |
| **Plaintiff,** | |
| v. | **OPINION** |
| **GERARDO GONZALEZ, YAMEL GONZALEZ a/k/a YAMEL MARTUCCI GONZALEZ, AND JOHN AND JANE DOES,** | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the court upon Plaintiff's motion for default judgment and Defendants' cross-motion to vacate default judgment. For the reasons set forth below, both motion and cross-motion are denied.

## I.   BACKGROUND

Plaintiff *pro se* William Martucci filed this Complaint on May 21, 2014. (ECF No. 1). Defendant Yamel Gonzalez is Plaintiff's daughter, and Defendant Gerardo Gonzalez is her husband. The Complaint alleges that the Defendants recorded phone conversations that they had with Plaintiff. Plaintiff did not have knowledge that those conversations were being recorded, nor did he consent to their being recorded. The Defendants then turned the recordings over to authorities. The recorded phone calls contain material that is potentially incriminating against Plaintiff. Plaintiff is currently a defendant in two Essex County criminal prosecutions, and the Gonzalezes are witnesses against Plaintiff in those prosecutions. Plaintiff claims

that the recordings violated federal wiretapping statutes and his Fourth Amendment rights.

Plaintiff properly served Defendants with the Summons and Complaint. (ECF No. 4). Defendants did not file an answer to the Complaint within 21 days of service, and the Clerk entered a default against them. (ECF No. 3). Plaintiff served Defendants with his motion for default judgment on July 14, 2014 and filed it with the court on July 17, 2014. (ECF No. 4). On July 30, 2014, Defendants filed a cross-motion to vacate default. (ECF No. 6).

## II.   JURISDICTION

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the case involves questions of federal law, including the Electronic Privacy Communications Act, 18 U.S.C. § 2510 *et seq.* and the Fourth Amendment of the U.S. Constitution. The court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and there is an amount in controversy exceeding $75,000. Specifically, Plaintiff is a citizen of New Jersey, and Defendants are citizens of Florida. Plaintiff seeks $12 million.

## III.   MOTION TO VACATE DEFAULT

Federal Rule of Civil Procedure 55 governs motions to vacate default. Under the Rule, the court may vacate default "[f]or good cause." The decision to set aside the entry of default is left to the discretion of the district court. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Default is disfavored, and doubtful cases must be resolved in favor of the moving party so that the cases may be decided on their merits. *Id.* at 194-95.

The court considers four factors in determining whether there is good cause to vacate entry of default: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). The second factor, whether the defendant has a meritorious defense, is a dispositive threshold question. *$55,518.05 in U.S. Currency*, 728 F.2d at 195. Though motions to vacate entry of default and motions to vacate entry of default judgment consider the same factors, the former are held to a more lenient standard. *See Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982) ("Less substantial grounds may be adequate for setting aside a default than

would be required for opening a judgment").

Although the "good cause" threshold for vacating default is low, Defendants' briefing suffers from a troubling lack of precision.  It exposes a rancorous family relationship that includes several civil and criminal proceedings that are currently ongoing.  The briefing contains the germs of meritorious defenses, but it lacks any firm factual denials or legal defenses.  Moreover, Defendants failed to attach an Answer to the Complaint, as Local Civil Rule 7.1 requires.  The court will deny the motion due to the procedural and substantive infirmities in Defendants' motion.  Denial is without prejudice.  The Defendants may file another motion that presents a well-stated meritorious defense and attaches a proposed Answer to the Complaint within 30 days of the order.

## IV.    MOTION FOR DEFAULT JUDGMENT

The mere fact of default does not entitle Plaintiff to judgment.  To enter a default judgment, the court must first determine whether a sufficient cause of action has been stated, taking as true the factual allegations of the Complaint.  *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008).  Once a cause of action has been established, the district courts must make explicit factual findings as to the so-called *Emcasco* factors: (1) whether the party subject to default has a meritorious defense; (2) the prejudice suffered by the party seeking default; and (3) the culpability of the party subject to default.  *Joe Hand Promotions, Inc. v. Waldron*, CIV. 11-849 RBK/KMW, 2013 WL 1007398, at \*4 (D.N.J. Mar. 13, 2013); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

Even if we assume that Plaintiff has stated a valid cause of action, the three *Emcasco* factors do not warrant the entry of default judgment.  The Defendants may have a meritorious defense.  The briefing makes statements that sound like they might be meritorious defenses.

Prejudice to the plaintiff exists where a defendant is judgment-proof or where there has been a loss of available evidence or increased potential for fraud or collusion.  *Julaj v. Tau Assoc. LLC*, 2013 WL 4731751, at \*4 (D.N.J. Sept. 3, 2013).  Plaintiff does not complain of anything that would amount to "prejudice" within the meaning of the case law.

Finally, the Defendants do not demonstrate culpable conduct.  Defendants complain that their failure to answer was the result of being bogged down with other litigation with this Plaintiff, some of which they claim is repetitive of this claim.  Moreover, they have promptly responded to the entry of default.  Considering these

factors along with the judicial preference against default, the court will deny the motion for default judgment.

## V.      CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment and Defendants' cross-motion to vacate default are both **DENIED**.  Defendants may re-file their motion to vacate default within 30 days of this order.  An appropriate order follows.


/s/ William J. Martini

_____

**WILLIAM J. MARTINI, U.S.D.J.**



**Date: September 15, 2014**