## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| WILLIAM C. MARTUCCI,<br><br>Plaintiff,<br><br>v.<br><br>GERARDO GONZALEZ and YAMEL GONZALEZ, a.k.a. YAMEL MARTUCCI<br><br>Defendants. | Civ. No. 2:14-cv-03267 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff William Martucci brings this action *pro se* against his daughter, Yamel Gonzalez, and her husband, Gerardo Gonzalez (together, "Defendants"). Plaintiff alleges that Defendants surreptitiously recorded phone calls in violation of federal and state wiretapping statutes. Defendants now move for summary judgment under Federal Rule of Civil Procedure 56. Plaintiff opposes the motion, and cross-moves for summary judgment. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion for summary judgment is **GRANTED** and Plaintiff's motion for summary judgment is **DENIED**.

### I.   BACKGROUND

The key facts are largely undisputed. During late 2011 and into 2012, Defendants, Florida residents, recorded four telephone conversations with New Jersey resident William Martucci, the plaintiff in this case. The parties were physically located in their respective home states when the calls were made. The purpose of Defendants' surreptitious recordings was to generate evidence exculpating Defendants from civil liability and advancing the criminal prosecution of Plaintiff in state court. Since March 2011, the parties have been co-defendants in a civil action pending in this district relating to alleged fraudulent business practices. *See Pricaspian Dev. Corp v. Martucci, et al.*, 2:11-cv-01459, ECF No. 421. In addition, Defendants filed criminal complaints against Plaintiff in 2012 and 2013 in Essex County, New Jersey, initiating two criminal proceedings that both ended with a guilty plea by Plaintiff.

In May 2014, Plaintiff filed a *pro se* Complaint alleging the following claims: violation of Florida's wiretapping statutes, Fla. Stat. Ann. §§ 934.03, 934.09, and

1

934.10 (Count 1); "additional illegal wire taps" occurring in New Jersey (Count 2); a Fourth Amendment violation (Count 3); violations of federal wiretapping laws 18 U.S.C. §§ 2511, §§ 2516-18 (Counts 4-7); and violations of Florida Statute 94.11(4)(g) and 18 U.S.C. § 2520(b), (Count 8). ECF No. 1 at 4-11. Plaintiff seeks more than $12 million in damages. *Id*. at 13-14. The Court has both federal question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Defendants now move for summary judgment, and seek attorney's fees and sanctions. ECF No. 26. Plaintiff opposes Defendants' motion and moves for summary judgment on all counts. ECF No. 33.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides for summary judgment "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Id.* The opposing party must do more than just rest upon mere allegations, general denials, or vague statements. *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). Rather, to withstand a proper motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson*, 477 U.S. at 256-57.

## III.  DISCUSSION

### A. Florida Wiretapping Statute Claim (Count 1)

The Florida Security of Communications Act (the "FSCA") creates a private cause of action for "[a]ny person whose wire, oral or electronic communication is intercepted, disclosed, or used," unless all parties to the communication have consented. Fla. Stat. Ann. §§ 934.03(1)-(2); 934.10. To state a claim under the FSCA, one of two conditions must be met: "persons bringing suit must be Florida residents or the improper 'interception' must have occurred in Florida." *Cohen Bros., L.L.C. v. ME Corp., S.A.*, 872 So.2d 321, 324 (Fla Dist. Ct. App. 2004). "[Florida] law is clear that an 'interception' occurs 'where the words or the communication is uttered, not where it is recorded or heard.'" *Leff v. First Horizon*

*Home Loan Corp.*, 2007 WL 1557977 (D.N.J. May 24, 2007), citing *Cohen Bros., LLC*, 872 So.2d at 324.

In this case, Plaintiff, a New Jersey resident, alleges he was in his Springfield, New Jersey home when the calls took place. ECF No. 33, at p. 145. That is where his communications were "intercepted" within the meaning of the FSCA. Because Plaintiff is not a Florida resident, and the calls were "intercepted" outside of Florida, Plaintiff has not adequately stated a claim under Fla. Sta. § 934. *See Leff* 2007 WL 1557977. (holding that a plaintiff failed to state a claim under Fla Sta. § 934 because he was a New Jersey resident communicating by phone from New Jersey). Because no "interception" occurred under the FSCA, Defendants' motion for summary judgment is **GRANTED**.

### B. "Additional illegal" Wiretapping (Count 2)

Count Two alleges that in November 2014 in New Jersey, Defendants:

"arrived to Plaintiff at 3 Dundar Road, Springfield, NJ 07081. Plaintiff approached the car that the Defendants were in. On the front seat was a recording device. The Defendant tried to coerce and bribe the Plaintiff . . . Upon information and belief the Defendants may have additional illegal wire taps."

It is unclear what legal claim Plaintiff attempts to assert in Count II. Plaintiff has not produced any evidence of recordings made in November of 2014 or of "any additional recordings." The motion papers focus entirely on the recordings made by Defendants in Florida in 2011 and 2012. Count Two fails as a matter of law. Defendants' motion for summary judgment is **GRANTED** as to Count Two.

### C. Fourth Amendment Claim (Count 3)

Count Three alleges that Defendants violated the Fourth Amendment of the United States Constitution. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. The Fourth Amendment only protects against searches and seizures by government officials or by individuals acting as "an instrument or agent of the Government." *See Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 614 (1989) (citations omitted). Plaintiff fails to argue or provide evidence that Defendants were acting as "instrument[s] or agent[s]" of Essex County prosecutors when the recordings were made. *See Skinner*, 489 U.S. at 614. *See id.*; *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The issue is not whether the state was involved in some way in the relevant events, but whether the action taken can be fairly attributed to the state itself."). Instead, the record makes clear that Defendants initiated and conducted the recordings on their own accord. Defendants' motion for summary judgment as to Count Three must be **GRANTED**.

### D. Federal Wiretapping Claims (Counts 4-7)

Plaintiff claims that Defendants violated the Electronic Communications and Privacy Act ("ECPA") by recording their conversations without Plaintiff's consent. Section 2520 provides a private cause of action for "any person who intentionally intercepts . . . any wire, oral, or electronic communication. *Id.* at §1(a).[1] Unlike Florida law, however, ECPA only forbids interceptions to which neither party has consented, "unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or the laws of the United States or of any State." *Id.* at (2)(d). Because Defendants obviously consented to their own recordings, Plaintiff must prove that the recordings were made "for the purpose of committing [a] crime or tortious act." *Id.*

The Court finds that there is no "genuine issue of material fact" supporting the claim that Defendants used the recordings for unlawful purposes. *See By-Prod Corp. v. Armen-Berry Co.*, 668 F.2d 956, 959 (7th Cir. 1982) (affirming summary judgment because the "[d]esire to make an accurate record of a conversation to which you are a party is a lawful purpose under the statute even if you want to use the recording in evidence."). Notwithstanding conclusory allegations of "defamation," "blackmail" and "criminal entrapment," Compl. ¶ 37., Plaintiff concedes that Defendants' primary purpose was to use the recordings as evidence in civil and criminal litigation. *See, e.g.*, ECF No. 33, p. 133. This conduct does not, without more, amount to a "criminal or tortious act." *See United States v. Dale*, 991 F.2d 819, 841 (D.C. Cir. 1993) (holding that a single-party consent recording is not rendered "tortious" under § 2511 merely because "the recording is made in the hopes of producing evidence of an illegal conspiracy."); *By-Prod Corp. v. Armen-Berry Co.*, 668 F.2d 956, 959 (7th Cir. 1982) (citation omitted); *United States v. Kappler*, 2014 WL 6949614, at *2-3 (D. Neb. Dec. 8, 2014). Defendants are entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) ("If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial."). Defendants' motion for summary judgment is **GRANTED** as to Count Four.

#### Count Five

Count Five alleges that Defendants violated ECPA by "us[ing] emails to advance their illegal wire tap information in the Federal Court." As explained above, ECPA permits the interception and disclosure of recordings created by a consenting party unless the disclosure was made "for the purpose of committing [a] crime or tortious act." 18 U.S.C. § 2511 (2)(d). Plaintiff has failed to produce evidence that the recordings were made for an unlawful purpose. Plaintiff cannot point to an outstanding issue of material fact that could lead a reasonable jury to a different conclusion. Defendants' motion for summary judgment on Count Five is **GRANTED**.

---

[1] Section 2520 provides for a private right of action for violations of ECPA. 18 U.S.C.A. § 2520.

<u>Count Six</u>

Count Six merely restates the claim made in Count Four, that Defendants violated ECPA by surreptitiously recording their conversations with Plaintiff without his consent. This claim is duplicative and fails as a matter of law. Defendants' motion for summary judgment of Count Six is **GRANTED**.

<u>Count Seven</u>

Count Seven alleges a violation of 28 U.S.C. §§ 2216-2218, but does not specify any particular provision of these sections. In fact, these provisions are not relevant to Plaintiff's action. Section 2516 principally authorizes judges to issue wiretap warrants in certain circumstances. Section 2217 dictates when and in what manner information obtained by executing a wiretap warrant may be disclosed or used. Section 2218 governs the procedure for applying for wiretap warrants. Plaintiff has not alleged that any warrant was sought or that Defendants acted in coordination with law enforcement officials. Defendants' motion for summary judgment of Count Seven is **GRANTED**.

### E.  Count Eight

Count Eight attempts to state claims under Florida Statute § 95.11(g) and 18 U.S.C. § 2520(b). Florida's Section 95.11(g) establishes a limitations period on claims asserted in Count I of this Complaint, which have been denied. Section 2520 of the Federal statute addresses forms of relief for federal wiretapping claims asserted in Counts 4-7, which have also been denied. In neither case does Count Eight properly assert a freestanding claim. Accordingly, Count Eight fails as a matter of law, and summary judgment is **GRANTED**.

### F.  Defendants' Request for Sanctions

The Court does not find that Plaintiff's conduct warrants sanctions. Defendants' motion for sanctions and attorney fees is **DENIED**

### IV.  CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is **GRANTED.** Plaintiff's motion for summary judgment is **DENIED**. All counts are dismissed pursuant to the accompanying Order.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**March 22, 2017**